## WRIGHT et al. v. TERRY.

### No. 2646.

Court of Civil Appeals of Texas. Beaumont.

Feb. 7, 1935.

Rehearing Denied Feb. 13, 1935.

Perkins & Floyd, of Alice, for appellants.

H. K. Harrelson, of San Diego, for appellee.

COMBS, Justice.

This suit was tried in the district court of Duval county, and is before us on transfer by the Supreme Court.

Appellee, J. H. Terry, recovered a judgment against appellants, P. T. Wright and Jas. M. Anderson, and one W. E. Mulholland, jointly and severally for $342.90. Of that amount $322.90 was due appellee for labor performed and materials furnished by him in repairing the boiler of a drilling rig used by Mulholland in drilling a "wild cat" oil well. The balance of the recovery was $20 attorney's fee which it was agreed was reasonable.

The contract under which appellee did the work was oral and was had with Mulholland. Mulholland suffered a default judgment, and has not appealed. Appellee's suit, as against the appellants, is based upon the theory that they and Mulholland were joint adventurers and partners in the drilling enterprise under an agreement to share profits and losses. The trial court allowed the recovery against appellants on that theory, and the correctness of such holding is the only question presented by this appeal.

The facts bearing upon the question are succinctly stated by appellants in their brief as follows:

"This suit was instituted for the purpose of collecting a debt due the appellee for repairing a boiler at the instance and request of one W. E. Mulholland. The boiler was

the personal property of, or at least in the control of the said W. E. Mulholland. Prior to the time the boiler was repaired an agreement was had between various parties that the appellants, jointly with W. E. Mulholland and others, would promote the drilling of a well on a lease in Duval County, Texas, and upon said well being drilled and proving to be a producer of oil and/or gas in paying quantities they were to receive as a reward for such drilling a lease upon such property where the well was situated.

"The appellants, jointly with W. E. Mulholland, agreed to put up the actual expenses of drilling the well, and to each receive one-third of the seven-eighths working interest in the lease for putting up this money. The three then made an agreement with the said W. E. Mulholland whereby he was to furnish the drilling equipment in consideration of one-eighth of the seven-eighths to be taken out of the seven-eighths as his consideration for furnishing the equipment. In other words, it was a 'poor boy' arrangement and each was to contribute so much in consideration of a certain interest in the reward— namely, the lease if the well was a producer of oil and/or gas in paying quantities.

"The appellee made his arrangement with W. E. Mulholland to repair the boiler and had no conversation with the appellant, P. T. Wright, until after the work was completed, and likewise, had no conversation with the appellant, James M. Anderson, until the work was completed, but all his negotiations prior to the performance was with the said W. E. Mulholland."

It is our conclusion that the agreement, as disclosed by the foregoing statement, constituted appellants and Mulholland partners in the drilling enterprise. Clearly they agreed to engage in a common venture in which profits and losses were to be shared by the participants. The partnership fund or capital to which each obligated himself to contribute his share was the cost of drilling the well. The hoped for profit was a valuable producing oil lease. Obviously each party had an interest in the contract under which the well was to be drilled and the right possessed by each to share in the lease in the event of the discovery of oil was by virtue of his interest in the contract. Therefore appellants were not in the position of one having no interest in the property, and hence no interest in the profits "as profits." They were principals with Mulholland in the joint venture and had a property right in the sub-

ject-matter of the partnership. Hence they were members of the partnership. Kelley Island Lime & Transport Co. v. Masterson, 100 Tex. 38, 93 S. W. 427; Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S. W. 122; Strawn National Bank v. Marchbanks (Tex. Civ. App.) 74 S.W.(2d) 447.

The opinion of Chief Justice Hickman in the Marchbanks Case, supra, contains an interesting discussion of established tests and their application to a given state of facts in determining the existence of the partnership relation. As there suggested by Judge Hickman, efforts at formulation of a definition of partnership, and the announcement of a definite rule for determining the existence of the relation, are of little value. The determination of the question in a given case is rather to be arrived at by application of established tests to the facts of the particular case. And in the case before us an analysis of the facts fully satisfies all the tests necessary to establish the partnership relation between appellants and Mulholland.

The judgment of the trial court is affirmed.